IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARLOS HARDY | ) | |
| | ) | |
| v. | ) | No. 3:10-1049 |
| | ) | Judge Sharp/Bryant |
| BRUCE WESTBROOKS | ) | |

To: The Honorable Kevin Sharp, District Judge

## REPORT AND RECOMMENDATION

This petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2254 by petitioner Carlos Hardy, an inmate at Turney Center Industrial Complex in Only, Tennessee, against the acting warden of that facility, Bruce Westbrooks. Petitioner is represented by counsel. For the reasons that follow, the undersigned Magistrate Judge recommends that the petition be DENIED and that this action be DISMISSED.

### I. Statement of the Case

Petitioner was convicted, along with his cousin and co-defendant, Ms. Atlanta Hardy, by a Davidson County jury of second degree murder on March 17, 2004, and was sentenced to 25 years incarceration. His direct appeal was denied by decision dated February 10, 2006, and his application for review by the Tennessee Supreme Court was also denied. Petitioner then timely filed a petition for post-conviction relief on July 3, 2007. The post-conviction petition was denied, and the Tennessee Court of Criminal Appeals affirmed this decision. After his application for review in the Tennessee Supreme Court was denied, petitioner timely filed his pro se federal habeas petition in this Court on November 5, 2010.

(Docket Entry No. 1) An amended petition was filed through appointed counsel on November 24, 2010. (Docket Entry No. 16) At the Court's direction, respondent filed his Answer to the petition on March 14, 2011. (Docket Entry No. 28) After a change in court-appointed counsel, petitioner filed a reply to respondent's answer on August 15, 2013. In that reply, petitioner agrees that the statements of the evidence offered by the Tennessee Court of Criminal Appeals on direct appeal[1] and on appeal from the denial of his state post-conviction petition[2] are accurate and complete. These statements of the evidence are set out in respondent's answer. (Docket Entry No. 28 at 4-11)

Upon review of the pro se petition, the amended petition, and the reply brief, the following claims for relief are alleged:

1. The evidence at trial was insufficient to support his conviction;

2. The trial court failed to cure the prejudice resulting from prosecution witness Mr. Charles Carter's testimony that he had taken a polygraph test;

3. The trial was unfair because of the knowing presentation of perjured testimony by the prosecution;

4. The rule of <u>Apprendi v. New Jersey</u> was violated;

5. The trial court failed to sever petitioner's case from that of his co-defendant;

6. His sentence is excessive in light of <u>Blakely v. Washington</u>;

7. Counsel was ineffective as a result of his:
   a. Failure to interview or investigate the key witness against him, Mr. Carter;
   b. Failure to object to Mr. Carter's reference to having taken a polygraph;

---

[1]<u>State v. Hardy</u>, 2006 WL 359677 (Tenn. Ct. Crim. App. Feb. 10, 2006).

[2]<u>Hardy v. State</u>, 2010 WL 252282 (Tenn. Ct. Crim. App. Jan. 22, 2010).

    c.     Untimely withdrawal from representation;
    d.     Failure to investigate, interview, or call to testify Evelyn Bell, Aljanada Coats, and Maria Hardy;
    e.     Failure to investigate or offer rebuttal to the state's ballistics evidence;
    f.     Failure to adequately consult with or prepare the petitioner prior to trial;
    g.     Failure to investigate or interview Marion Ford;
    h.     Failure to engage in any meaningful plea negotiations;
    i.     Deficiency in the trial court in light of the cumulative effect of the aforementioned failures;
    j.     Failure to raise or properly frame meritorious claims on appeal, including that of his own ineffectiveness at trial.

## II. Conclusions of Law

A. <u>Exhaustion of State Remedies</u>

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-20 (1982); <u>Lyons v. Stovall</u>, 188 F.3d 327, 331 (6th Cir. 1999). The petitioner must offer the state courts both the factual and legal bases for his claims. <u>Hicks v. Straub</u>, 377 F.3d 538, 552 (6th Cir. 2004), *abrogated on other grounds by* <u>Guilmette v. Howes</u>, 624 F.3d 286 (6th Cir. 2010). In other words, the petitioner must present "the same

claim under the same theory" to the state courts. Id. It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4, 6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990). In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; see also Adams v. Holland, 330 F.3d 398 (6th Cir. 2003). However, if an unexhausted claim can no longer be pressed in state court because it is procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review, and the exhaustion requirement is technically met. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996). General, conclusory assertions of cause and prejudice will not suffice; rather, affirmative evidence or argument as to the precise cause and prejudice must be produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir. 2006). To demonstrate cause, the petitioner must show than an objective factor external to the defense interfered with his

4

ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986).

B.  Request for an Evidentiary Hearing

Having carefully considered the petition and amended petition, respondent's answer, and petitioner's reply, as well as the record of proceedings in the state courts, it appears that an evidentiary hearing is not needed in this matter. In support of his request for an evidentiary hearing, petitioner states as follows:

> Petitioner contends that an evidentiary hearing is particularly appropriate in this case because the record now before this Court establishes without dispute that (1) his conviction is based on recanted testimony; (2) his trial counsel did not conduct any pretrial investigation; (3) his trial counsel did not engage in any meaningful plea negotiation; and (4) trial counsel spent no more than 4.1 hours pretrial with petitioner in preparation for a first degree murder prosecution. The record now contains competent evidence to support each of these conclusions. However, the weight, credibility, and materiality of this evidence may be questioned, and an evidentiary hearing would provide the forum to evaluate the evidence.

(Docket Entry No. 80 at 41) However, either the evidentiary record compiled in the state courts already contains ample evidence supporting these items, or they do not inform any properly exhausted, non-defaulted claim before this Court. Accordingly, no evidentiary hearing is required. See Smith v. U.S., 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court should dispose of the petition as the law and justice require. Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254.

C.  Analysis of the Claims

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770, 780 (2011). When a claim has been adjudicated on the merits in state court,

the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. For the writ to issue due to an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Id. at 412-13. In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id. at 389.

Considering these standards, the claims asserted by petitioner are addressed below.

1. *Sufficiency of the Evidence/Presentation of Perjured Testimony*

The sufficiency of the evidence claim was adjudicated on the merits by the Tennessee Court of Criminal Appeals on petitioner's direct appeal of his conviction. That court found as follows:

> Viewed in the light most favorable to the State, the evidence produced at trial shows that the appellants [petitioner and his cousin, Atlanta Hardy] intentionally shot and killed the victim after the victim called Atlanta Hardy a "bitch." Mr. Carter saw both Carlos Hardy and Atlanta Hardy with guns and testified that he actually saw Atlanta Hardy shoot the victim. According to the testimony at trial, both appellants confessed to killing the victim. Marion Ford testified that Carlos Hardy told her that he killed the victim and Samuel Holt stated that Atlanta Hardy told him that she killed the victim. While the

6

> appellants's testimony corroborated many details of other witnesses's testimony, they both claimed that they were not responsible for the victim's death. Obviously, the jury did not find either of the appellants to be credible witnesses. . . . The evidence, as presented, points the finger of guilt unerringly at the appellants. The jury could have properly inferred that the appellants were guilty of second degree murder. This issue [of sufficiency of the evidence] is without merit.

(Docket Entry No. 29-1 at 20-21) This finding is not contrary to clearly established federal law, nor does it involve an unreasonable application of federal law in light of the evidence.

Petitioner claims that the evidence of his guilt is only sufficient if Mr. Carter's perjured testimony is considered, and that "[t]here is no doubt whatsoever that Charles Carter's testimony was false." (Docket Entry No. 80 at 10) However, the perjurious character of Mr. Carter's trial testimony that petitioner had a gun is not automatically established by virtue of his subsequent recanting. The jury had before it evidence that Mr. Carter had first reported to the police that petitioner did not have a gun, his testimony to the contrary, and his explanation for the change (Docket Entry No. 48-2 at 106-17, 121-25, 133-37), and exercised its prerogative to credit his testimony from the witness stand. While the prosecution obviously knew Mr. Carter had credibility problems, there is no evidence to suggest that the prosecution knowingly elicited false testimony, a point which petitioner ultimately concedes (Docket Entry No. 80 at 5) in his reply brief despite initially arguing from the premise that due process demands the State not knowingly use perjured testimony. Id. at 3-4 (citing, e.g., Mooney v. Holohan, 294 U.S. 103 (1935)).[3]

---

[3]The undersigned considers petitioner's arguments related to Mr. Carter's perjured testimony as a corollary to his sufficiency of the evidence claim. In his pro se petition, petitioner had originally alleged the knowing use of false testimony in violation of his Fourteenth Amendment right to a fair trial. (Docket Entry No. 1 at 10) While respondent argues that "this claim does not actually exist in the pro se petition" (Docket Entry No. 28 at 13), it plainly does. However, respondent correctly

7

Petitioner further cites to a line of Sixth Circuit authority for the proposition that a conviction based on the recanted testimony of a material witness for the prosecution cannot stand, relying upon Gordon v. U.S., 178 F.2d 896 (6th Cir. 1949). However, Gordon and its progeny deal with the situation where a new trial is warranted because the government witness recants after the defendant is convicted, and the *trial judge* is convinced that (1) the trial testimony is in fact false, and (2) without the false testimony the jury might have reached a different conclusion. While this test of material witness candor has not been imported -- as an evidentiary concern -- into the realm of federal habeas review under 28 U.S.C. § 2254, there is precedent for a federal court which did not try the petitioner to consider the likelihood that the witness's state court trial testimony was in fact false, pursuant to a claim that the allowance of such testimony undermined the fundamental fairness of the conviction in violation of the petitioner's right to due process. Guidry v. Sheets, 452 Fed. Appx. 610 (6th Cir. Dec. 15, 2011) (citing Austin v. Mack, 2005 WL 1652533 (S.D. Ohio July 11, 2005)). While there is no such claim properly before this Court, supra at n.3, it bears noting that the Guidry court described the daunting challenge of making such a

---

argues that this due process claim was procedurally defaulted because it was never presented as such to the Tennessee Court of Criminal Appeals. While the claim was raised in the post-conviction trial court, upon appeal to the Court of Criminal Appeals it was presented not as a due process claim, but as an ineffective assistance of counsel claim based on counsel's alleged failure to properly investigate Mr. Carter. (Docket Entry No. 29-8 at 6-7) Accordingly, the Court of Criminal Appeals found that petitioner had waived the claim based on perjured testimony. Petitioner thus failed to fully exhaust his due process claim related to the use of perjured testimony at his trial, and is precluded from doing so at this late date. Because there has been no showing of cause and prejudice which would allow this Court to excuse his procedural default, the claim that the state's use of perjured testimony resulted in a lack of fundamental fairness in his trial, in violation of his Fourteenth Amendment rights, is not properly before this Court. Therefore, the issue of Mr. Carter's recantation and alleged perjury is considered only insofar as it pertains to petitioner's properly exhausted sufficiency of the evidence claim.

8

claim due to its reliance upon the federal court overcoming its "natural distrust of after-the-fact witness recantations" and making a factual determination to credit the recanting testimony, which it could only do upon "clear and convincing evidence" that the opposite factual finding reached by the state court and presumed under the law to be correct, is in fact incorrect. Id. at 613 (quoting 28 U.S.C. § 2254(e)(1)).

Here, petitioner's trial judge, Judge J. Randall Wyatt, Jr., who also presided over his state post-conviction petition, addressed the fairness of petitioner's trial in light of Mr. Carter's statement recanting his trial testimony, as follows:

> The Petitioner alleges that his due process right to a fair trial was violated by the presentation of the perjured testimony of Mr. Charles Carter. The Court finds that Mr. Carter did not admit to perjury until over four years had passed since the Petitioner was convicted. The Court finds that Mr. Carter now claims that the Petitioner did not have a gun at the time of the shooting, in contrast to his original trial testimony. The Court finds that Mr. Carter testified that he asserted this false testimony because, at the time of trial, he was on federal probationary status, and thought that it might violate his terms of probation to be involved in a crime scene with guns. The Court finds that Mr. Carter's contention that he lied to protect himself is tenuous, considering that Mr. Carter's remaining, allegedly unperjured, testimony openly asserts that gun shots were fired in the apartment. The Court finds that the issue of who was holding the gun would be irrelevant to any fear by Mr. Carter that his probation would be revoked if he was around guns. The Court finds that sufficient evidence does not exist to conclude that Mr. Carter's latest testimony is truthful and that the Petitioner's fair trial rights were violated. The Court is of the opinion that the Petitioner received a fair trial and was properly convicted and, therefore, this allegation is without merit.

(Docket Entry No. 29-1 at 9-10) Even if petitioner had properly presented a due process claim, petitioner has failed to make a clear and convincing evidentiary showing which could compel this Court to overturn Judge Wyatt's finding that "sufficient evidence does not exist to conclude that Mr. Carter's latest testimony is truthful," and so that finding must be

9

honored.

In sum, petitioner's claim related to the evidence's sufficiency in light of Mr. Carter's testimony is without merit.

### 2. Failure to Cure Prejudice Resulting from Mr. Carter's Testimony that he had Taken a Polygraph Test

In his pro se petition, petitioner claims that the trial court erred in failing to declare a mistrial or give a curative jury instruction in response to Mr. Carter's unsolicited comment during his direct examination that he had taken a polygraph test (evidence of which is not admissible in Tennessee, State v. Damron, 151 S.W.3d 510 (Tenn. 2004)). (Docket Entry No. 48-2 at 106) Although he raised this issue on direct appeal, the Tennessee Court of Criminal Appeals ruled that petitioner had waived the issue by failing to make a contemporaneous objection to the testimony at trial, and by declining the trial court's offer to give a curative instruction. (Docket Entry No. 29-1 at 18-19) As respondent argues, "[t]he doctrine of procedural default applies when a petitioner's failure to object at trial bars state appellate review." Cook v. Stegall, 56 F. Supp. 2d 788, 793 (E.D. Mich. 1999) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Because petitioner has not demonstrated cause for the default and actual prejudice resulting from the alleged constitutional error, or alleged a fundamental miscarriage of justice as a result of Mr. Carter's passing reference from the witness stand to having taken a polygraph, this claim is not properly before this Court. Id. at 793-94.

### 3. Sentencing Issues Under Apprendi and Blakely

Petitioner failed to properly exhaust his state court remedies with respect to these issues of sentencing in violation of his Sixth Amendment rights. While other claims

related to his sentencing were placed at issue before the Tennessee Court of Criminal Appeals on direct appeal (Docket Entry No. 29-2 at 19-21), those claims were found to be without merit (Docket Entry No. 29-1 at 21-24) and are inapposite to the constitutional claims petitioner seeks to pursue here.  Petitioner did initially attempt to raise an issue of unconstitutional sentencing before the state post-conviction trial court, but did not include this issue in his amended post-conviction petition, and the trial court deemed the issue waived.  (Docket Entry No. 29-1 at 68-69)  Petitioner did not raise this issue on post-conviction appeal to the Tennessee Court of Criminal Appeals.  (Docket Entry No. 29-6)  Accordingly, these claims have been procedurally defaulted and, in the absence of any showing of cause and prejudice, are subject to dismissal.

### 4. *Failure to Sever the Cases against Petitioner and Atlanta Hardy*

Petitioner claims that, as a result of the state court's denial of his motion for severance of his case from that of Atlanta Hardy, his defense was prejudiced by a denial of his right to confront witnesses and to a fair trial and due process.  This claim appears to have been properly exhausted in state court,[4] where the Tennessee Court of Criminal Appeals reached the following disposition of the claim:

> Carlos Hardy has failed to show that he was "clearly prejudiced" in his defense asa result of being tried with Atlanta Hardy. *Id*. at 803. The State did not introduce the statements of either appellant at trial. Carlos Hardy argues that the State did not elicit testimony from the investigating detective about Atlanta Hardy's statement or introduce the statement in and of itself and that he was therefore unable to call the credibility of Atlanta Hardy into question

---

[4]Respondent argues that "this claim is procedurally defaulted because it was presented under a state law theory in state court." (Docket Entry No. 28 at 16-17)  However, this is not so.  Petitioner's brief to the Tennessee Court of Criminal Appeals argues the severance issue under U.S. Supreme Court authority interpreting the Confrontation Clause.  (Docket Entry No. 29-2 at 17-19)

> even though her statement was inconsistent with the testimony other witnesses. We fail to see how Carlos Hardy could have cross-examined the detective as to the veracity of appellant Atlanta Hardy's statement. Further, Atlanta Hardy testified at trial and her testimony regarding her participation or lack or it in the shooting was consistent with the statement she gave to police. Thus, Carlos Hardy could not have introduced Atlanta Hardy's statement to the police as a prior inconsistent statement. Moreover, the proof that Carlos Hardy argues never went to the jury (i.e. testimony contradicting Atlanta Hardy's statement which in turn questioned her credibility) did in fact go to the jury as a result of Atlanta Hardy's testimony at trial which painted a different version of the events from the testimony of other witnesses. Finally, both appellants testified at trial and both were given the opportunity to cross-examine the other. Carlos Hardy has failed to show that he was prejudiced by the lack of a severance. This issue is without merit.

(Docket Entry No. 29-1 at 17) This ruling is neither contrary to nor an unreasonable application of clearly established federal law, and was based on a reasonable determination of the facts in light of the evidence of record. Therefore, petitioner's claim for failure to sever is without merit.

### 5. *Ineffective Assistance of Counsel*

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). To establish a violation of this right, petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694. When considering such a claim, courts strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334

F.3d 491, 497 (6th Cir. 2003).

As recited supra at pages 2-3, petitioner claims that counsel was ineffective as a result of his:

    a.    Failure to interview or investigate the key witness against him, Mr. Carter;
    b.    Failure to object to Mr. Carter's reference to having taken a polygraph;
    c.    Untimely withdrawal from representation;
    d.    Failure to investigate, interview, or call to testify Evelyn Bell;
    e.    Failure to investigate or offer rebuttal to the state's ballistics evidence;
    f.    Failure to adequately consult with or prepare the petitioner prior to trial;
    g.    Failure to investigate or interview Marion Ford, or to investigate, interview, or call to testify Aljanada Coats and Maria Hardy;
    h.    Failure to engage in any meaningful plea negotiations;
    i.    Deficiency in the trial court in light of the cumulative effect of the aforementioned failures;
    j.    Failure to raise or properly frame meritorious claims on appeal, including that of his own ineffectiveness at trial.

In his state post-conviction petition, petitioner raised arguments (b), (c), and (d) above, as well as arguing that counsel was ineffective in failing to investigate the crime scene and in failing to object to his excessive sentence. (Docket Entry No. 29-1 at 6-9) In addition, though not included in the petition itself, argument (a) above was fairly presented to the post-conviction trial court upon petitioner's testimony at the evidentiary hearing (id. at 80, 89) and the subsequent amendment to his petition (id. at 55-57), and was explicitly presented in his post-conviction appellate brief. (Docket Entry No. 29-6 at 12) In his post-conviction appeal, petitioner asserted only the first four arguments above. (Docket Entry No. 29-6) These four, then, are properly exhausted.

As to the remaining claims lettered (e) through (j) above, they are raised for

13

the first time on habeas review in this Court, in petitioner's amended petition or in his reply brief. The reply brief is supported by evidence including petitioner's declaration and the declaration of his appointed counsel. However, nowhere in these materials is any attempt made to show cause and prejudice excusing the clear procedural default of these claims. Indeed, petitioner takes the position at the outset of his reply brief that he fully exhausted all available state court remedies (Docket Entry No. 80 at 1), and does not elsewhere contemplate any potential procedural default and corresponding need to establish cause and prejudice. The undersigned finds that the final six ineffective assistance claims above were procedurally defaulted, and are not properly before this Court on habeas review.

As to the first four claims above, the Tennessee Court of Criminal Appeals found as follows in reviewing the denial of his post-conviction petition:

On appeal, Petitioner argues that the post-conviction court erred in denying his petition because he was afforded ineffective assistance of counsel. He specifically argues that trial counsel failed to interview a witness, Ms. Bell, who was present when he allegedly confessed; failed to properly investigate the facts in light of Mr. Carter's testimony that he lied at trial; failed to object to the entry of polygraph evidence at trial; and failed to timely notify Petitioner of his intention to withdraw from representing Petitioner when the deadline to file his Rule 11 application to the supreme court was approaching.

With regard to Ms. Bell, trial counsel testified that he interviewed her and found that she had an extensive criminal record. The post-conviction court found that trial counsel had indeed investigated her and found that trial counsel was not deficient in not presenting her as a witness. In addition, Petitioner did not present Ms. Bell at the evidentiary hearing. Under *State v. Black*, 794 S.W.2d 753 (Tenn.Crim.App.1990), when a petitioner argues that trial counsel was ineffective by not presenting a witness at trial, the petitioner must present that witness at the evidentiary hearing. 794 S.W.2d at 757-58. Therefore, we conclude that the record does not preponderate against the findings of the post-conviction court.

Petitioner next argues that trial counsel was ineffective because he failed to

14

properly investigate what Mr. Carter's testimony would be at trial. To support this argument, Petitioner points to Mr. Carter's testimony at the evidentiary hearing that he lied at Petitioner's trial when he stated that he saw Petitioner holding a gun. The State argues that Petitioner has waived this issue because he did not present this argument as an ineffective assistance of counsel argument. The post-conviction court analyzed this issue as a potential due process violation as opposed to the basis for an ineffective assistance of counsel argument. We have reviewed the record from the post-conviction court. Petitioner did not present this issue as an ineffective assistance of counsel issue, but rather, filed an amendment to his petition and stated the following: "Petitioner is attaching an affidavit from Charles Carter wherein he retracts certain incriminating statements he made regarding the defendant. Said statements were highly incriminating and most likely the cause of conviction." A petitioner may not assert one ground for relief in the post-conviction court and pursue a different or new theory on appeal. *State v. Adkisson*, 899 S.W.2d 626, 634-35 (Tenn.Crim.App.1994). Therefore, this issue is waived. *Id.* at 635.

Petitioner also argues that trial counsel was ineffective for failing to object to Mr. Carter's testimony at trial that a polygraph examination occurred while the police were investigating the case. Mr. Carter did not mention any results of the polygraph examination. At the evidentiary hearing, trial counsel testified that he did not object because he did not want to call additional attention to the matter. He stated that he made a tactical decision in not objecting. The post-conviction court found that trial counsel acted effectively by not objecting. As stated above, this Court cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins*, 911 S.W.2d at 347. Therefore, the [record does] not preponderate against the findings of the post-conviction court.

In his final issue on appeal, Petitioner argues that trial counsel was ineffective because he attempted to withdraw from representing Petitioner near the deadline of his Rule 11 application to our supreme court. Trial counsel filed an untimely motion to withdraw from representation. The supreme court denied trial counsel's motion. After the denial of the motion, trial counsel reviewed Petitioner's pro se Rule 11 application and also drafted a separate Rule 11 application which was also filed with our supreme court. The post-conviction court found that trial counsel's untimely motion to withdraw was deficient. However, Petitioner was unable to prove prejudice because trial counsel drafted a Rule 11 application, and it was filed with the court. The record does not preponderate against the post-conviction court's findings that Petitioner has been unable to meet the second prong under Strickland.

> We conclude that Petitioner has been unable to prove under Strickland that trial counsel was both deficient and that the deficiency prejudiced Petitioner.

(Docket Entry No. 29-8 at 6-7)

This disposition on the merits of claims (b), (c), and (d) above by the Tennessee Court of Criminal Appeals is neither contrary to nor an unreasonable application of clearly established federal law, and was based on a reasonable determination of the facts in light of the evidence of record. Accordingly, these claims of ineffective assistance of counsel do not merit habeas relief.

As to the post-conviction claim that counsel was ineffective in failing to interview or investigate Mr. Carter, the undersigned finds that the post-conviction trial court's analysis of this claim *solely* under a due process theory, after recounting petitioner's testimony that he believed his attorney was ineffective for, e.g., failing to interview or investigate Mr. Carter (Docket Entry No. 29-1 at 59-60), did not properly account for the claim before it. Consequently, the appellate court's finding of waiver of this ineffective assistance claim does not preclude this Court's consideration of the merits of the claim, which the Court is to undertake *de novo*. See Maples v. Stegall, 340 F.3d 433, 436 (6th Cir. 2003). However, assuming *arguendo* that trial counsel's failure to investigate or interview the only other eyewitness to the murder was constitutionally ineffective, the undersigned finds that petitioner cannot demonstrate prejudice resulting from this ineffectiveness. Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. As mentioned above, the jury had before it evidence that Mr. Carter had first reported to the police that petitioner did not have a gun, his testimony to the contrary, and his explanation

for the change (Docket Entry No. 48-2 at 106-17). Petitioner argues in his reply brief that counsel's failure to investigate Mr. Carter led to counsel's inability to impeach him during cross-examination with the "precise pretrial exculpatory statements" he had given to the police. (Docket Entry No. 80 at 26) However, the undersigned fails to see how the difference between impeachment with the admitted fact of Mr. Carter's prior inconsistent statements, versus impeachment with evidence of the statements themselves, provides grounds for finding a reasonable probability that the jury would have credited Mr. Carter's earlier statements over his later statement and trial testimony if it had been shown the earlier statements themselves during cross-examination, as petitioner argues. Id. Mr. Carter was thoroughly examined and cross-examined on the reasons for his inconsistent reports to police (Docket Entry No. 48-2 at 106-17, 121-25, 133-37), and refused to admit that the inconsistency amounted to a lie (id. at 114) despite conceding earlier in the examination that the reason he did not first tell the truth was that he was nervous (id. at 109). The inconsistencies were brought out by the prosecution, and fully explored by counsel for both petitioner and his co-defendant, with both defense lawyers suggesting that it was the revelation of ballistics evidence identifying two different caliber guns being fired that prompted Mr. Carter to change his testimony to place a gun in the hands of both defendants, protecting himself from being implicated as a shooter. (Id. at 115, 124) In short, the failure to interview or investigate Mr. Carter prior to trial did not limit counsel's ability to impeach his credibility and so prejudice petitioner's defense.

Moreover, the undersigned finds no merit in petitioner's argument that such ineffectiveness prejudiced petitioner because his lack of knowledge of Mr. Carter's resolve to testify in accordance with his latest statement to police left petitioner with an incomplete understanding of his pretrial plea bargaining position, or because it left him with no choice but to testify in his own defense. These points are speculative and cannot be deemed to establish the requisite prejudice to sustain his ineffective assistance claim.

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that the petition be DENIED and that this action be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 30th day of September, 2014.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE