# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CARLOS HARDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-01049 |
| v. ) | |
| ) | **Judge Sharp** |
| BRUCE WESTBROOKS, ) | **Magistrate Judge Bryant** |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") from Magistrate Judge Bryant, recommending that Petitioner Carlos Hardy's federal habeas petition, filed pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1), be denied and this action dismissed. (Docket No. 82). Magistrate Judge Bryant declined to hold an evidentiary hearing but his R & R reveals a comprehensive review of the record in this case. Having undertaken *de novo* review of the entire matter in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds that the R & R is the correct decision and properly applies the governing law.

In deciding to approve the R & R, the Court has considered the objections raised by Petitioner. (Docket No. 88). Petitioner first objects to the Magistrate Judge's finding regarding Petitioner's failure to properly exhaust all of his ineffective assistance of counsel ("IAC") claims, which are listed in the R & R and referred to herein as IAC claims (a) through (j). (Docket No. 82 at 2-3). Magistrate Judge Bryant found that IAC claims (a) through (d) were properly exhausted insofar as they were fairly presented during Petitioner's state post-conviction proceedings before the Tennessee Court of Criminal Appeals ("TCCA") and were adjudicated on the merits. Petitioner did not object to that finding. However, Petitioner objected to the finding

1

that IAC claims (e) through (j) were raised for the first time on habeas review in this Court and therefore have been procedurally defaulted. With one minor clarification, the Court agrees with the IAC findings in the R & R.

The R &R describes IAC claim (e) as the "failure to investigate or offer rebuttal to the state's ballistics evidence" and states that Petitioner raised this claim for the first time on habeas review before this Court. (Docket No. 82 at 13-14). Petitioner's briefing, however, describes this particular IAC claim as trial counsel's "failure to investigate crime scene and ballistics evidence." (Docket No. 80 at 28-34). Petitioner raised the lack of a crime scene investigation during his state post-conviction proceedings before the TCCA and the TCCA rejected this claim on the merits. (Docket No. 29-1 at 65-66). The TCCA found that Petitioner had failed to demonstrate that the decision not to investigate the crime scene was outside the range of competent representation. Id. Petitioner has reasserted the crime scene investigation IAC claim here, but now tacks on the failure to rebut ballistics evidence. (Docket No. 80 at 28-34). Thus, part of IAC claim (e) was fairly presented in Petitioner's state post-conviction proceedings and part of it was not. In the end, this confusion is not outcome determinative. The TCCA addressed the merits of the claim regarding the failure to investigate the crime scene and Petitioner has not shown that the ruling was contrary to or an unreasonable application of clearly established federal law. The TCCA did not have the opportunity to address the failure to rebut ballistics evidence, and as such, that claim has been procedurally defaulted. Petitioner has not shown good cause for the noncompliance or actual prejudice. Accordingly, IAC claim (e) should be dismissed.

The R & R's findings on IAC claims (f) through (j) are more straightforward. Without providing any citations to the record, Petitioner challenges the finding of procedural default and

asserts that all of his IAC claims were fairly presented in state post-conviction proceedings. The record, however, confirms that Petitioner's presentation to the TCCA on his IAC claims is cabined to claims (a) through (d) and the above-mentioned portion of (e). (Docket Nos. 29-1, 29-6, 29-8). The Court is unable to find mention of IAC claims (f) through (j). Petitioner argues that this deficiency does not matter because "the precise and distinct identification of the multiple aspects of ineffectiveness is not required to meet the fairly raised test." (Docket No. 88 at 3). This is not so: fair presentation requires that "the same claim under the same theory be presented" for the state court's consideration. Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir. 1987). If an IAC claim is premised "upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not been fairly presented to the state courts." Caver v. Straub, 349 F.3d 340, 346-47 (6th Cir. 2003) (citing Pillette, 824 F.2d at 497). Here, IAC claims (f) through (j) are premised upon discrete actions or inactions of Petitioner's trial counsel. The TCCA did not have the opportunity to review these claims during its post-conviction review. Neither has Petitioner presented any evidence of good cause of the default or actual prejudice. The Court therefore agrees with Magistrate Judge Bryant that these claims must be dismissed.

Petitioner levies another objection regarding the dismissal of IAC claims (e) through (j). Invoking the exception set forth in Martinez v. Ryan, 132 S. Ct. 1302 (2012) and Trevino v. Thaler, 133 S. Ct. 1911 (2013), Petitioner asks the Court to use its equity power to excuse the procedural default. Specifically, Petitioner asserts that because his trial counsel also handled his direct appeal, he was prevented from fairly presenting IAC claims in state court proceedings. Even if Petitioner could not assert IAC claims on direct appeal, he had and used the opportunity to do so during his state post-conviction proceedings. Indeed, as discussed above, Petitioner raised IAC claims (a) through (d) and portions of claim (e) in his state post-conviction

proceedings. Accordingly, this objection is without merit.

Petitioner also objects to Magistrate Judge Bryant's denial of an evidentiary hearing. He contends that an evidentiary hearing is "essential" to determining whether IAC claims (e) through (j) were procedurally defaulted, as well as to determining the merits of those claims. The record in this case makes clear, however, which claims were and were not raised in Petitioner's state post-conviction proceedings. The Court does not need an evidentiary hearing to determine which claims have been procedurally defaulted.

Finally, Petitioner asks the Court to review his reply brief and the arguments set forth therein. The Magistrate Judge thoroughly discussed and rejected those arguments and, after a review of the entire record, the Court finds no error in that analysis.

Accordingly, the Court hereby rules as follows:

1) The Report and Recommendation (Docket No. 82) is ACCEPTED and APPROVED;

2) The motion filed by Petitioner pursuant to 28 U.S.C. § 2254 (Docket No. 1) is DENIED; and

3) This case is DISMISSED.

The Clerk of the Court shall enter judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE